# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL FISCHER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09-CV-1783 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Motion to Produce Affidavit and Motion for Additional Time to File Response to Motion to Vacate, Set Aside, or Correct Sentence. For the following reasons, both motions will be denied.

Motion to Produce Affidavit

The government moves for an order requiring that movant's former defense counsel, an Assistant Federal Public Defender, provide an affidavit addressing movant's claims of ineffective assistance of counsel before the government files its answer to the motion to vacate. Although movant has waived his attorney-client privilege by raising allegations of ineffective assistance of counsel in his § 2255 motion, see Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), discovery and expansion of the record in a § 2255 matter are governed by Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The government has not cited any authority for the proposition that a non-party to this action can or should be compelled to provide a pre-answer affidavit.

The government quotes Wright v. United States, 2008 WL 4276206 (D. Del. Sept. 17, 2008), for the proposition that while an evidentiary hearing could be conducted on the allegations of

ineffective assistance of counsel, "the 'missing' information can be obtained more expeditiously by requiring Movant's former defense attorney to provide an affidavit responding to the allegations raised in his § 2255 motion." Id. at * 3. Wright is procedurally distinguishable from the instant case because there the government had filed its answer to the § 2255 motion and the court denied two of the movant's three claims. Apparently on its own motion, the court ordered former defense counsel to submit an affidavit concerning the remaining allegations of ineffective assistance of counsel, in lieu of the court holding an evidentiary hearing on the claim. The Court declines to follow Wright in the present context.[1] The Motion to Produce Affidavit should therefore be denied.

In addition, the government makes only conclusory assertions that it requires an affidavit from defense counsel in order to be able to "fully address" the allegations of ineffective assistance in the § 2255 motion. The Court has reviewed the allegations of the § 2255 motion with respect to ineffective assistance of counsel, and concludes that the government should be able to file its answer as required by Rule 5(b) without an affidavit from defense counsel, as other sources of relevant information exist.

Motion for Additional Time to File Response

The government's motion for additional time to file its answer to the Motion to Vacate is premised on the claimed need for an affidavit from former defense counsel. Because the Court has denied the Motion to Produce, the motion for additional time should also be denied.

---

[1] The Court did grant a similar motion for production of an affidavit in Stoner v. United States, No. 1:09-CV-84 CAS, 2009 WL 3064866 (E.D. Mo. Sept. 22, 2009), but upon further consideration and review of the Rules Governing Section 2255 Proceedings concludes that denial of such a motion is the appropriate course.

Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion to Produce Affidavit is **DENIED**. [Doc. 3]

**IT IS FURTHER ORDERED** that the government's Motion for Additional Time to File Response to Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**. [Doc. 4]

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of December, 2009.