# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL FISCHER, | ) |
| Movant, | ) |
| v. | ) No. 4:09-CV-1783 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter under 28 U.S.C. § 2255 is before the Court on motions filed by movant for discovery. Movant filed two motions seeking the police report of Detective Dale Perch and two Motions to Order the Government to Produce Certain Records.[1] The government filed an opposition to the motion to request the police report of Detective Perch, but did not respond to the motions to produce records. For the following reasons, movant's motions will be denied.

Discovery in a matter under § 2255 is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 6(a) provides that a court may, for good cause shown, permit discovery under the Federal Rules of Civil or Criminal Procedure. Rule 6(b) provides that a party requesting discovery must provide reasons for the request. See Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980) (in the absence of a showing of good cause, district court acted within its discretion in denying request for production of documents).

---

[1] Movant's second motion to request police report and second motion to order the government to provide certain records are identical to the first motions of the same name, except for the date each was signed. Movant should not file two of the same motion in the future, as this serves no purpose and could cause confusion in the record.

Movant asks for the production of "Dale Perch's official report of movant's arrest" in order to "note the discrepancies in between the arrest report filed by Detective Laymann" and to "add additional evidence to movant's 28 U.S.C. § 2255 motion." Movant also seeks the production of the statement and/or affidavit of witnesses Amanda McCummiskey, Michael Roberts and Christein Roberts, the statement and/or affidavit of any witness or investigating agency, and copies of all doctor statements or reports used in the case, including but not limited to Dr. Armour, Dr. Stotler and Dr. Arderani. Movant assert that the requested information "is needed to properly address the government's response" and "is needed in the interest of justice."

The government responds that movant is not entitled to discovery in the absence of a showing of good cause that the material sought purports to establish his innocence, citing Dyer v. United States, 23 F.3d 1421 (8th Cir. 1994), and Smith, 618 F.2d 507.

The § 2255 motion states that movant pleaded guilty in the underlying criminal case, United States v. Fischer, 4:08-CR-64 CAS (E.D. Mo.). It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Movant has not offered any facts to explain how the police report of Detective Perch and the statements of any of the witnesses or doctors are relevant to the issue whether the underlying plea was both counseled and voluntary. Movant's motions for discovery should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motions to Request Police Report of Detective Dale Perch are **DENIED**. [Doc. 6, 13]

**IT IS FURTHER ORDERED** that movant's Motions to Order the Government to Produce Certain Records is **DENIED**. [Doc. 12, 15]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of January, 2010.