UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL FISCHER, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | No. 4:09-CV-1783 CAS |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**MEMORANDUM AND ORDER**

This matter under 28 U.S.C. § 2255 is before the Court on two motions filed by movant, "Petitioner's Motion to Conduct Discovery" and "Motion for Discovery." The government opposes the motions. Movant has not filed a reply and the time to do so has passed. For the following reasons, the motions will be granted in part and denied in part.

**Discussion**

As stated in the Memorandum and Order of January 28, 2010 (Doc. 16), which denied movant's earlier discovery motions, discovery in a matter under § 2255 is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 6(a) provides that a court may, for good cause shown, permit discovery under the Federal Rules of Civil or Criminal Procedure. Rule 6(b) provides that a party requesting discovery must provide reasons for the request. See Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980) (in the absence of a showing of good cause, district court acted within its discretion in denying request for production of documents).

In the § 2255 motion, movant asserts that he was mentally incompetent at the time he entered his guilty plea. In the Motion to Conduct Discovery, movant seeks the production of "Dale Perch's

official report of movant's arrest in order to prove[] he told them about his incom[p]etency." Mot. to Conduct Disc. at 2. Movant also seeks the production of all doctor statements or reports used in the case, including but not limited to Dr. Armour, Dr. Stotler, Dr. Arderani and Dr. Donald Lewis "to determine, among other things, what their anticipated testimony might have been about competency." Id. Movant asserts that good cause exists for conducting discovery pursuant to Rule 6 because the issues raised in his motion "require factual inquiry outside of the present trial record." Id.

The government responds that it provided all relevant material within the purview of Rule 16, Federal Rules of Criminal Procedure, in the underlying criminal matter on February 15, 2008 (Doc. 18 in Case No. 4:08-CR-64 CAS (E.D. Mo.)). The government states that it should not be required to produce documents because (1) movant retained Dr. Armour, who prepared a report which was furnished to the government by movant during discovery in the underlying criminal matter; (2) it is not in possession of any reports of Dr. Donald Lewis, the Chief Psychiatrist for the Federal Bureau of Prisons; and (3) at sentencing, movant submitted a sentencing memorandum with several attachments, including a report by Dr. Ardekani and correspondence by Dr. Stotler.

The government states that the materials movant requests concerning examination or medical care were all provided by movant to the government in the underlying criminal matter, but does not assert that the materials are irrelevant or otherwise not discoverable in this proceeding. The government does state that movant informed the government in a letter that he was requesting materials because "I would like to maintain a file just for my own record. This is information which involved me and I would like to maintain it for that reason only." Fischer letter of Jan. 11, 2010 (Ex. A to Gov't Resp.).

2

With respect to the police report, the government responds that movant has made no showing of how statements he made at the time of arrest would be relevant to the voluntariness of his plea of guilty, which took place more than a year after the arrest.

**Conclusion**

The Court finds that movant has established good cause for discovery of the medical records and reports from Dr. Armour, Dr. Stotler, Dr. Ardekani and Dr. Lewis.[1] The Court will grant movant's motions to the extent it will direct the Clerk of the Court to send movant copies of the relevant documents from the underlying criminal matter. If movant believes that other relevant records exist, he might wish to discuss the matter with his attorney from the underlying criminal matter.

The Court finds that movant has not established good cause, however, for discovery of the arrest report prepared by Dale Perch. The record in the underlying criminal matter shows that movant was arrested by Jefferson County, Missouri Sheriff's Deputies on January 25, 2007. Movant entered a plea of guilty in the underlying matter on August 26, 2008. Movant's mental state at the time of the plea is relevant to the allegations in the § 2255 motion, but information concerning movant's perception of his own mental state at the time of arrest over eighteen months prior to the plea is not. This aspect of movant's motions will be denied.

---

[1] The Court is unable to locate any medical records or reports from Dr. Donald Lewis, and the government states that it is not in possession of any reports from Dr. Lewis. There is a reference to Dr. Lewis attached to the Sentencing Memorandum movant submitted in the underlying criminal matter. The Court will direct that a copy be sent to movant.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motions to Request Police Report of Detective Dale Perch are **GRANTED in part** and **DENIED in part** as follows: [Doc. 17, 18]

Movant's motions are **GRANTED** to the extent the Clerk of the Court shall send movant copies of the following sealed documents from <u>United States v. Fischer</u>, No. 4:08-CR-64 CAS: Documents 32, 58, and 60, including all exhibits thereto.

                                                     */s/ Charles A. Shaw*
                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of March, 2010.