UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FISCHER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09-CV-1783 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Michael Fischer's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government has responded to the motion. Movant was granted until February 16, 2010 to file a reply memorandum, but no reply memorandum was filed and the time to do so has passed.[1] For the following reasons, the Motion to Vacate will be dismissed.

**Background**

On January 31, 2008, Fischer was indicted on one count of manufacturing in excess of fifty grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841, for events that occurred in Jefferson County, Missouri on July 25, 2007. See United States v. Fischer, Case No. 4:08-CR-64 CAS (E.D. Mo.) Counsel was appointed for the defendant and Assistant Federal Public Defender Thomas Flynn entered his appearance. Shortly

---

[1]Movant filed several motions to discover evidence in this matter. The Court denied movant's first two motions, see Mem. and Order of January 28, 2010 (Doc. 16), but granted movant's motion for discovery of certain medical records and reports concerning his mental condition. See Mem. and Order of March 4, 2010 (Doc. 20).

thereafter, Mr. Flynn withdrew as counsel and Assistant Federal Public Defender Janis Good entered her appearance.

Ms. Good filed a Motion for Examination to Determine Competency of the Defendant which was granted. Thereafter, Fischer was evaluated and a report concerning his competency was filed with the Court on April 25, 2008. On May 1, 2008 a hearing was held before the Honorable Frederick R. Buckles, United States Magistrate Judge, who found the defendant competent to stand trial. Further, an order was issued setting forth a trial date and applicable dates in which to file pretrial motions. The defendant filed a Motion to Suppress Evidence, but later withdrew the motion and waived his right to an evidentiary hearing on July 21, 2008.

On August 26, 2008, the matter was scheduled for a change of plea before the undersigned. Prior to the start of the plea colloquy, the Government filed a superseding information charging the defendant with one count of knowingly maintaining premises used for the manufacture of methamphetamine in violation of 21 U.S.C. § 856(a)(2). The defendant executed a written waiver of indictment in Court. The parties submitted a document entitled "Plea Agreement, Guidelines Recommendations, and Stipulation" which outlined the agreement between the parties. The agreement contained specific recommendations about the Sentencing Guidelines, and both parties waived any right to appeal the sentence so long as the Court followed the recommendations and sentenced Fischer within the guidelines range resulting from the recommendations. Fischer also waived any right to file a § 2255 motion, except one claiming ineffective assistance of counsel or prosecutorial misconduct.

During the change of plea, Fischer was placed under oath. Fischer acknowledged that his answers to the Court's questions were subject to "the penalties of perjury" if he did not answer truthfully. The plea transcript reflects that the defendant was advised of the nature of the charges

and possible penalty during the change of plea hearing. The Court asked defendant questions concerning the voluntariness of his plea and whether any promises had been made outside the agreement, and the following discussion took place:

> THE COURT: Very well. Counsel, have there been any threats or promises made to Mr. Fischer to get him to plead guilty beyond what is in this plea agreement that you all have provided the Court?
>
> MS. GOOD: No, Your Honor, nothing beyond what's in the plea agreement.
>
> THE COURT: Very well. How about that, Mr. Fischer, anything beyond this plea agreement, threats or promises to get you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Very well. The Court will note that this plea agreement is signed by both counsel as well as Mr. Fischer, and the Court will make this part of the record of this plea. Now, Mr. Fischer, are you pleading guilty because you are, in fact, guilty, you did commit this offense?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: How do you plead?
>
> THE DEFENDANT: Guilty.

Plea Transcript at 8.

A presentence report was prepared by the United States Probation Office which both parties accepted without objection. The presentence report recommended a guideline range of imprisonment of 46 to 57 months incarceration. A sentencing memorandum was filed on behalf of Fischer. On February 10, 2009, the Court sentenced Fischer to a term of 24 months incarceration. Fischer did not file a direct appeal, but timely filed the instant motion pursuant to 28 U.S.C. § 2255.

Movant asserts the following claims in his § 2255 motion:

> 1. Defense counsel "psychologically coerced" movant into pleading guilty.

3

    2. Defense counsel was totally ineffective.

    3. Movant's guilty plea was induced by mental illness and was involuntary because he was not mentally competent at the time of the plea and did not understand the nature of the charge and the consequences of the plea.

    4. The conviction was obtained by use of a coerced confession.

    5. The conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    6. The conviction was obtained by use of evidence gained pursuant to an unlawful arrest.

    7. The conviction was unconstitutionally obtained by a violation of the privilege against self-incrimination.

    8. The conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    9. Denial of the right to appeal.

**<u>Legal Standard</u>**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. <u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. <u>See</u> <u>United States v.</u>

Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

**A. Ineffective Assistance of Counsel**

Movant makes the conclusory assertion in his § 2255 motion that his trial counsel was "totally ineffective." Movant does not allege in what manner his attorney was ineffective or provide any specific factual allegations tied to the claims of alleged deficient representation.

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the

5

circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the second prong's "prejudice" requirement in the context of a guilty plea, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

In this case, movant has not alleged any specific error on the part of counsel. As a result, there can be no resulting prejudice. Because movant cannot show either defective performance or resulting prejudice, this claim should be dismissed.

**B. Involuntariness of Plea**

Movant claims he was coerced into pleading guilty in that he failed to understand the nature of the charge and consequence of the plea. Specifically, movant alleges, "The conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily and without understanding of the nature of the charge and the consequences of the plea." The record demonstrates, however, that defendant entered a knowing, intelligent plea of guilty with a full understanding of the nature of the charges against him and the potential penalties.

A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 91970). Further, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quotation mark and quote case omitted). A defendant who has pleaded guilty bears a "heavy burden to overcome those admissions and show that his plea was involuntary." Id.

The plea colloquy in this case demonstrates that defendant told the Court his plea was made voluntarily, absent any coercion and with a full understanding of his rights and consequences:

> THE COURT: [AUSA] Mr. Bert, would you advise you as to the charge and range of punishment in this matter.
>
> MR. BERT: Your Honor, the superseding information charges the defendant with one count of maintaining a drug involved premises. The range of penalty for that offense is 18 up to 20 years incarceration and/or a fine of up to $500,000, and also a special assessment of up to $100 -- I'm sorry, a special assessment of $100 per count for a total of $100.
>
> THE COURT: Very well. You understand that, Mr. Fischer?

THE DEFENDANT: Yes, sir, I do.

Plea Tr. at 5.

After the prosecutor detailed what the government's evidence in the case would be, the following colloquy occurred:

> THE COURT: Okay. Is that what happened, Mr. Fischer?
>
> THE DEFENDANT: Yes, sir, approximately.
>
> THE COURT: Pardon me?
>
> THE DEFENDANT: Yes, sir. Yes, sir.
>
> THE COURT: That's what happened?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Very well. Now, you understand you don't have to plead guilty if you don't wish to do so, you could have a trial by jury. You could require the government, Mr. Bert or one of the other assistant United States attorneys, to prove your guilt beyond a reasonable doubt to 12 citizens making up a jury. They would have to do that by bringing witnesses and evidence into open court. And you would have the right to an attorney, Ms. Good or whoever else, throughout any such trial as well as after. And your attorney could cross-examine the government witnesses, examine all the evidence, could through the power of subpoena require witnesses to come to court in your behalf. You could testify for yourself if you wished to do so, but you could not be required to testify. And if you chose not to testify, the government could make no comment about your decision. Also, you would be presumed innocent throughout any such trial. However, when you enter a guilty plea, there's no trial whatsoever, you just enter your guilty plea and we proceed on toward sentencing at a later date. Now, do you understand this?
>
> THE DEFENDANT: Yes, sir, I do.
>
> THE COURT: Very well. Counsel, have there been any threats or promises made to Mr. Fischer to get him to plead guilty beyond what is in this plea agreement that you all have provided the Court?
>
> MS. GOOD: No, Your Honor, nothing beyond what's in the plea agreement.
>
> THE COURT: Very well. How about that, Mr. Fischer, anything beyond this plea agreement, threats or promises to get you to plead guilty?

>THE DEFENDANT: No, sir.
>
>THE COURT: Very well. The Court will note that this plea agreement is signed by both counsel as well as Mr. Fischer, and the Court will make this part of the record of this plea. Now, Mr. Fischer, are you pleading guilty because you are, in fact, guilty, you did commit this offense?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: How do you plead?
>
>THE DEFENDANT: Guilty.

Plea Tr. at 7-8.

Movant has not met his heavy burden to overcome these admissions and show that his plea was involuntary. See Nguyen, 114 F.3d at 703. Movant's claim that he did not understand the nature of the plea or its consequences is refuted by the record and, a result, should be dismissed.

### C. Mental Status and Actual Guilt

Movant's next claim relates to both his mental status and his actual guilt. Movant states in the § 2255 motion that "pro-se petitioner was not in his right state of mind when he pleaded guilty to a charge which he is really not guilty of in order to get out of jail and take care for his Mother and Big Brother."

The Court interprets the § 2255 motion as asserting a substantive competency claim, because movant is asserting that he was not competent to plead guilty. See Vogt v. United States, 88 F.3d 587, 590-91 (8th Cir. 1996) (discussing substantive and procedural competency claims). A denial of substantive competency to stand trial is a proper ground for relief under 28 U.S.C. § 2255. Weisberg v. Minnesota, 29 F.3d 1271, 1276 (8th Cir. 1994). The issue is whether movant was competent to plead guilty. See Vogt, 88 F.3d at 591. The test for determining competency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable

degree of rational understanding" and whether he has "a rational as well as a factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

"The burden of persuasion [is] on petitioner to show that he was incompetent by a preponderance of the evidence." Vogt, 88 F.3d at 591. It is not enough for movant to simply state that he was not competent at the time of the plea. See, e.g., Tweedy v. United States, 435 F.2d 702, 703 (8th Cir. 1970) ("[b]eing a chronic alcoholic does not equate with being incompetent to plead guilty") (citing Crawn v. United States, 254 F. Supp. 669 (M.D. Pa. 1966) ("[t]hat there may be something mentally wrong with a defendant or that he may be emotionally unstable does not necessarily render him mentally incompetent to understand the proceedings against him"). "A prisoner or movant is not entitled and need not be permitted after his conviction or plea of guilty to make bald charges of mental incompetency . . . for the purpose of simply obtaining an excursion from the penitentiary." Simmons v. United States, 227 F. Supp. 778, 785 (W.D. Ark. 1964) (citing Hayes v. United States, 305 F.2d 540, 543 (8th Cir. 1962) (per curiam)). Before movant would be entitled to proceed and to have a hearing on his motion, he must support his claim of incompetence by factual allegations. Id. (citing Hartman v. United States, 310 F.2d 447, 448 (6th Cir. 1962) (per curiam); Fisher v. United States, 317 F.2d 352, 354 (4th Cir. 1963); United States v. McNicholas, 298 F.2d 914, 916 (4th Cir. 1962)).

Movant has not offered any factual allegations to support his claim, which is refuted by the record. Prior to entry of the guilty plea, the defendant was examined pursuant to 18 U.S.C. § 424l to determine his mental competency. The examiner concluded that defendant understood the nature of the charges against him, knew the respective titles and functions of the principal courtroom figures, understood the adversarial nature of the proceedings, and was able to assist his attorney in

his defense. A competency hearing was held before a United States Magistrate Judge, who found that defendant was competent to proceed.

In addition, the following colloquy concerning defendant's mental state and condition took place during the plea proceedings:

> THE COURT: Are you presently under the influence of any drugs, alcohol, or medication?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And what is that?
>
> THE DEFENDANT: I take Cymbalta 90 milligrams in the morning, and I took half a .25 Xanax this morning.
>
> MS. GOOD [defense counsel]: And you're also on Seroquel, right?
>
> THE DEFENDANT: Yes, I am, but that's a nighttime thing.
>
> MS. GOOD: But you took it last night?
>
> THE DEFENDANT: Yes.
>
> MS. GOOD: So he's also on Seroquel, Your Honor. Mr. Fischer suffers from depression and also bipolar disorder, Your Honor. He is currently under a physician's care. And in addition to the medication that he's on, he also has what's called a vagal nerve stimulator. It is like a pacemaker except that it works to give small electrical shocks to his brain. He has currently turned it off so that he would be able to speak with you today, but between that and the medication, Your Honor, we wanted you to know what Mr. Fischer's mental health status is. I do believe he's competent to proceed. He's a very ill man, but he is competent to proceed. He understands what he is doing here today. I've spoken to him. During the process of representation he has had to be hospitalized several times, but he is currently -- he wants to proceed and I have discussed this with him at length, Your Honor, and I believe he's competent at this time to proceed.
>
> THE COURT: Very well. Mr. Fischer, if this medication or the problems that you're experiencing, if it causes you any problem with understanding what is going on or participating in these proceedings, you'll make us aware of this?
>
> THE DEFENDANT: Yes, sir, I will.

> THE COURT: Very well. Thank you. Now, I guess that goes to the next question, suffering from any mental defect or disease. And so I think you've already expressed that. Is there anything else in that regard, Ms. Good?
>
> MS. GOOD: No, Your Honor.
>
> THE COURT: Okay. Well, that would be the same situation there in terms of participation and understanding, so the Court will proceed on.

Plea Tr. at 3-5.

Thus, this Court made an independent finding at the plea that defendant was competent to proceed. Because movant's claim that he was not mentally competent at the time of the plea is refuted by the record, he cannot meet his burden of persuasion to show that he was incompetent by a preponderance of the evidence. Further, as quoted above in section B., the government established a factual basis for the plea during the plea colloquy, which the defendant admitted was true and correct and that he was guilty of the crime as charged. (See Plea Tr. at 7-8). Movant has not met his heavy burden to overcome these admissions. See Nguyen, 114 F.3d at 703. As a result, these claims should be dismissed.

### D. Claims Barred by Plea Agreement

Movant's § 2255 motion also asserts the following claims: The conviction was obtained by use of a coerced confession; the conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; the conviction was obtained by use of evidence gained pursuant to an unlawful arrest; the conviction was unconstitutionally obtained by a violation of the privilege against self-incrimination; the conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; and movant was denied the right to appeal. The government responds that these claims are waived by virtue of the plea agreement between the parties.

A defendant may affirmatively waive particular constitutional rights. See Boykin v. Alabama, 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); Faretta v. California, 422 U.S. 806, 836 (1975) (right to counsel). There is no constitutional right to appeal, as the right to appeal is purely a creature of statute. Abney v. United States, 431 U.S. 651, 656 (1977). Because defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute, such as the right to appeal. United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992), overruled in part by United States v. Andis, 333 F.3d 886, 892 n.6 (8th Cir. 2003) (en banc).

Agreements by criminal defendants to waive appellate rights and the right to pursue post-conviction relief have been upheld by the Eighth Circuit. See United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999); United States v. Michelsen, 141 F.3d 867, 873 (8th Cir. 1998); United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996); Rutan, 956 F.2d at 829. In DeRoo v. United States, the Eighth Circuit stated, "As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." DeRoo, 223 F.3d 919, 923 (8th Cir. 2000). "The 'chief virtues' of a plea agreement are speed, economy, and finality," id. at 923, which are "promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights." Id. "Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." Id.

Such waivers are not absolute, however. Defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. DeRoo, 223 F.3d at 923. In addition, "the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary." Id. (citing Morrison, 171 F.3d at 568). "A

13

decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside 'the range of competence demanded of attorneys in criminal cases.'" Id. at 923-24 (quoting Hill v. Lockhart, 474 U.S. at 56).

In the plea agreement in the underlying criminal case, movant waived his rights to appeal all non-jurisdictional issues and to contest the conviction or sentence, except for claims of prosecutorial misconduct or the ineffective assistance of counsel. The Court has found that movant's decision to enter into the plea agreement was knowing and voluntary. Movant's claims based on an alleged coerced confession, unconstitutional search and seizure, unlawful arrest, self-incrimination, and denial of the right to appeal, do not raise jurisdictional issues and do not allege claims involving any of the specified exceptions to the waiver agreed to in the Plea Agreement. The Court finds that movant validly waived the right to proceed with a collateral attack on his conviction on these claims, which should be dismissed.

### E. Failure to Disclose Evidence

Finally, movant's § 2255 motion alleges that his conviction was obtained as a result of the government's failure to disclose evidence favorable to him. This allegation is entirely conclusory and is not supported by any factual allegations. Although the Court liberally construes pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), the principle of liberal construction will not save this claim of prosecutorial misconduct because it is wholly conclusory. See, e.g., Munz v. Parr, 758 F.2d 1254, 1259 (8th Cir. 1985) (rule of liberal construction failed to save a broad and conclusory pro se pleading); Grady v. Wilken, 735 F.2d 303, 304 (8th Cir. 1984) (court affirmed dismissal of pro se complaint based on broad and conclusory factual allegations). Further, movant's allegations cannot be accepted as true because they are conclusions rather than statements of fact. See Delgado

v. United States, 162 F.3d 981, 983 (8th Cir.1998) (quoting Engelen, 68 F.3d at 240). This claim should therefore be dismissed.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) ("The question [on the certificate of appealability determination] is the debatability of the underlying constitutional claim, not the resolution of that debate.").

When a district court dismisses the petition based on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2)that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Upon careful review of the record, the Court finds movant has not demonstrated that reasonable jurists would (1) find the Court's assessment of the constitutional claims debatable or wrong; or (2) find it debatable whether the Court was correct in its procedural rulings, and therefore the Court does not reach the issue whether reasonable jurists would find it debatable that the petition states a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85. The Court therefore concludes movant is not entitled to a certificate of appealability on his claims.

15

**Conclusion**

For the foregoing reasons, the Court finds that each of the claims raised in movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit or is procedurally barred, and should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant Michael Fischer's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the dismissed claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this memorandum and order.

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of September, 2010.